### COCKEFAIR v. COCKEFAIR.[1]

*(Supreme Court, Special Term, New York County. July, 1889.)*

DIVORCE—FAILURE TO PAY COSTS—CONTEMPT.

Code Civil Proc. N. Y. § 1773, provides that when the husband, in a proceeding for a divorce, fails to pay any money required to be paid by an order, and it appears to the court that payment cannot be enforced by execution, sequestration, or resorting to his security, he may be punished for contempt. *Held* that, in the absence of affidavits showing that payment cannot be enforced by the other means, the husband will not be punished for contempt in failing to pay costs decreed against him.

At chambers. On motion to punish defendant for contempt.

Action for a divorce by Margaret J. Cockefair against William F. Cockefair. Plaintiff recovered, and a judgment was entered against defendant for costs, which he failed to pay. Plaintiff now moves to punish defendant for contempt.

*Charles E. Lansing*, for plaintiff. *Howe & Hummel*, for defendant.

O'BRIEN, J. Section 1772 of the Code provides that where a husband fails to give security, or to make payments required by the terms of a judgment or order, or to pay any sum of money which he is required to pay by an order as prescribed in section 1769 of this act, the court may cause his personal property to be sequestered. Section 1769 provides that final judgment may award costs in favor of or against either party, and an execution may be issued for the collection thereof, as in an ordinary case, or direct the costs to be paid out of any property sequestered, or otherwise in the power of the court. Section 1773[1] determines when and under what circumstances default in paying money as required by a judgment or order can be enforced by punishment for contempt. The note of the codifiers, as it appears in Throop's Code, states that this section is new, and was added for the purpose of settling the question whether non-payment of costs or alimony in an action for divorce can be punished as a contempt. In the absence of any authority brought to my notice holding to the contrary, I am inclined, from a reading of the sections quoted, to conclude that in a proper case, where costs are awarded and directed to be paid by a judgment, they can be enforced by proceedings to punish for contempt; but, upon such a proceeding, either to pay money for maintenance or education of the children, or for the support of the wife, or for costs directed to be paid by a judgment, section 1773 requires that it must appear presumptively to the satisfaction of the court that payment cannot be enforced by means of resorting to any security given, or by sequestration proceedings, or by issuing an execution. No affidavit having

---

[1]Section 1773. "Where the husband makes default in paying any sum of money specified in the last section, as required by the judgment or order directing the payment thereof, and it appears presumptively to the satisfaction of the court that payment cannot be enforced by means of the proceedings prescribed in the last section, or by resorting to the security, if any, given as therein prescribed, the court may, in its discretion, make an order requiring the husband to show cause before it, at a time and place therein specified, why he should not be punished for his failure to make the payment; and thereupon proceedings may be taken to punish him, as prescribed in title 3, c. 17, of this act. Such an order to show cause may also be made without any previous sequestration or direction to give security, where the court is satisfied they would prove ineffectual."

[1]From 23 Abb. N. C. 219.

been furnished upon this application from which it is made to appear that payment cannot be enforced by the means enumerated, the motion, for that reason, must be denied; but without costs, and with leave to renew on proper papers.