582 NEW YORK SUPPLEMENT, vol. 11. [Super. Ct. N. Y.

## WHITNEY v. WHITNEY.

(Superior Court of New York City, General Term. November 3, 1890.)

DIVORCE—FAILURE TO PAY ALIMONY—CONTEMPT.

> Under Code Civil Proc. N. Y. § 1773, providing that when the husband in a proceeding for a divorce fails to pay any money required to be paid by an order, and it appears to the court that payment cannot be enforced by execution, sequestration, or resorting to his security, he may be punished for contempt. *Held,* that an order committing a husband for contempt in not paying alimony and counsel fee is fatally defective where it fails to provide for security, and it does not appear therefrom that payment could not be enforced by execution or sequestration; nor is the defect cured by a statement by plaintiff's attorney in the affidavit on which the order was granted that he believes that "an execution issued against the defendant herein could not be satisfied by reason of defendant's being out of this court's jurisdiction," since the statement is not one on which the court could determine that payment of alimony could not be enforced by execution.

Appeal from special term.

Action for separation by Addie F. Whitney against Silas G. Whitney. From an order adjudging him in contempt for failing to obey an order directing payment of alimony and counsel fee, defendant appeals. Code Civil Proc. N. Y. § 1773, is as follows: "Where the husband makes default in paying any sum of money specified in the last section, as required by the judgment or order directing the payment thereof, and it appears presumptively to the satisfaction of the court that payment cannot be enforced by means of the proceedings prescribed in the last section, or by resorting to the security, if any, given as therein prescribed, the court may, in its discretion, make an order requiring the husband to show cause before it, at a time and place therein specified, why he should not be punished for his failure to make the payment; and thereupon proceedings may be taken to punish him, as prescribed in title 3, c. 17, of this act. Such an order to show cause may also be made without any previous sequestration or direction to give security, where the court is satisfied they would prove ineffectual."

Argued before FREEDMAN, TRUAX, and INGRAHAM, JJ.

*Charles H. Ketchel,* for appellant. *Andrew F. McNickle,* for respondent.

TRUAX, J. We held in *Mahon* v. *Mahon,* 50 N. Y. Super. Ct. 92, that an order committing a person for contempt in not paying alimony and counsel fee must contain an adjudication that the party sought to be committed has refused to pay alimony and counsel fee, and that such refusal was calculated to or did actually defeat, impair, or prejudice the rights of the party in whose favor alimony and counsel fee had been ordered. The order now before us on this appeal does not contain such an adjudication. See *In re Swenarton* v. *Shupe,* 40 Hun, 41; *Sandford* v. *Sandford,* Id. 540. Section 1773 of the Code of Civil Procedure provides that when the husband in an action for divorce fails to pay any money required to be paid by an order, and it appears to the court that payment cannot be enforced by execution, sequestration, or resorting to his security, he may be punished for contempt. In the order before us, no provision was made for security, nor does it appear that payment of alimony and counsel fee cannot be enforced by sequestration proceedings, or by execution. It is true that the attorney for the plaintiff states in the affidavit on which the order appealed from was granted that he believes that "an execution issued against the defendant herein could not be satisfied by reason of defendant's being out of this court's jurisdiction;" but such statement is not one on which the court could determine that payment of alimony could not be enforced by execution, nor does it appear in the order that the court did so determine. For these reasons, the order appealed from is reversed. See *Cockefair* v. *Cockefair,* 7 N. Y. Supp. 170; *Sandford* v. *Sandford,* 40 Hun, 540. Order reversed, and motion denied, without costs, and with leave to plaintiff to renew on further affidavits.